Mr. Justice Clayton
delivered the opinion of the court.
Upon the facts contained in the record, this judgment must be affirmed.
By the transfer of the attorney’s receipt to him, Charles Anderson became in equity entitled to the proceeds of the judgment. The notice of the transfer, made it improper in B. D. Anderson, the defendant in the judgment, to pay to any one else but C. Anderson or his order. This transfer took place in February, 1840, nearly two years before the bankruptcy of Miller, and more than twelve months before the passage of the bankrupt act, which was in August, 1841. After this transfer Miller was but a mere naked trustee, having no right to the judgment in himself. It ought not to have been embraced in his schedule, rendered to the court of bankruptcy. It does not appear that Charles Anderson was a party to the proceedings in bankruptcy, and unless he were, his interest could not be affected by them. It is not shown that he was then a creditor of Miller. The assignee in bankruptcy took precisely the place of Miller, and was in no better condition in regard to his effects. The purchaser at the sale of the assignee occupied the same position. Now as between Miller and Charles Anderson, after the transfer, and before the bankruptcy, it is not possible to doubt the preference of Anderson to the proceeds of. the judgment; it cannot be different as to the assignee of Miller.
The transfer of the attorney’s receipt, vested an equitable right to the proceeds of the judgment, in Charles Anderson. Fitch v. Stamps, 6 How. 487; Roberts v. Bean, 5 S. & M. 590. Can this right be enforced' in the court of law 1 When an instrument not assignable is sued on, in the name of one for the use of another, the nominal plaintiff, cannot discharge or release the action. The courts of law will protect the equitable right to this extent, and will compel the nominal plaintiff to permit his name to be used for the recovery of the claim. All he can require is indemnity against costs. Welch v. Mandeville, 1 Wheat. R. 236, note. There is nothing in the case cited, of Wilson v. McElroy, 2 S. & M. 241, that conflicts with this.
This principle protects Charles Anderson, and gives him right *591 to the use of Miller’s name, or that of his assiguee, to coerce ' payment of the judgment. The payment to Mosely was, under the circumstances, no discharge.
Judgment affirmed.